Curia, per

Evans, J.
Until judgment is rendered, it is usual to allow either party to amend, and the propriety of allowing amendments must, in general, be confided to the discretion of the circuit Judge. The only limitation to his authority, if it can be called a limitation, seems to be, that he shall notallow amendments, when they operate to delay or surprize the other party. If this case had been continued before the leave to amend was granted, then it is not pretended that the court ought not to have allowed the amendment, because then the defendant would have been neither delayed nor surprized. It would have been exactly the case of Jenkins vs. Hutchinson, 2 Hill, 626. In the case before us, the motion to amend was made some days before the case was called for trial. It was not opposed on the ground that the defendant would be delayed in the trial of the case. The amendment allowed was not intended to operate as a delay of the trial of the case, and could only have that effect by the refusal of the defendant to plead to the amended declaration. The only ground of opposition to the motion was, that it would have *46 the effect of curing' an accidental variance between the judgment and the declaration, and thus deprive the defendant of the opportunity of nonsuiting the plaintiff and driving him to a new action, which would give the defendant further time to .surrender Milton, for whom he was bail.
The object of every application to amend, is to supply some defect in the pleading, and if it were a sufficient reason to refuse the application, that the adverse party would be deprived of the benefit of this error, no amendment would ever be allowed. The motion is dismissed.
O’Neall, Butlér and Wardlaw, J J. concurred.
Richardson, J. concurred in the opinion, but was indisposed when it was signed!